[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were intermarried at New Haven, Connecticut on June 19, 1982. The marriage was dissolved on June 24, 1994. There is one minor child, now age fifteen, issue of the marriage. There have been numerous post judgment motions filed by both parties, starting November 7, 1994.
In the present action, the defendant Kevin Beamon has filed a motion for modification coded #147 and the plaintiff Claudette Beamon has filed a motion for contempt coded #152. The defendant is seeking relief as follows: (1) a downward modification of the child support claiming the present order is in excess of the child support guidelines; (2) elimination of three provisions of the separation agreement, a) the $95.00 in "additional support") the 8 percent cost of living adjustment [COLA], and c) 32 percent of bonus towards tuition expenses for the minor child. The plaintiff is seeking relief as follows: (1) continued payment of the $95.00 in "additional support"; (2) enforcement of the 8 percent cost of living increase [COLA]; (3) payment and/or reimbursement for 32 percent of his bonus towards the child's tuition, and (4) payment and/or reimbursement for his share of camp costs for the minor child in accordance with the agreement.
At the time of the dissolution, the agreement between the parties was incorporated by reference into the judgment of June 24, 1994. The amount of child support ordered was $235.00 per week, "said support being in conformance with the Connecticut Child Support Guidelines currently in effect." Para. 5.1. CT Page 11521
The defendant filed a Motion to Modify the Child Support on November 7, 1994, less than six months after the judgment. After a hearing on several motions including the Motion to Modify, the defendant was granted a downward modification on March 22, 1995, retroactive to December 2, 1994. The amount ordered was $185.00, in accordance with the child support guidelines.
On May 9, 1995, the parties entered into an agreement which was accepted and ordered. The amount of child support ordered was $199.80. This amount included the $185.00 and an 8 percent COLA of $14.80.
At the time of the current order the court found that the defendant's 1994 salary was $63, 182.00. The defendant's salary for 1998 was $61,608.00. This amount does not include the bonus of $7,732.00. The difference between the income of 1998 and 1994 is $1,574.00. The defendant's weekly net income in 1994 was $1,018.00 and the plaintiffs was $800.00.
The financial affidavit submitted by the plaintiff on January 25, 1999 lists a gross weekly income of $1,172.00 and net income of $787.00. The financial affidavit submitted by the defendant on January 25, 1999 lists a gross weekly income of $1,209.00 and net income of $760.00.
The net income of the plaintiff in calculating the guidelines is $787.00 and for the defendant $660.00. This represents a significant change of circumstances from 1994 to 1998. The motion to modify the child support is granted retroactive to November 8, 1998. The amount due in accordance with the guidelines would have been $130.00 plus the $95.00 of additional support. If the defendant has been current in his payments there would be an overpayment of $69.80 per week for eight weeks for a total of $558.40.
Effective August 1, 1999 the child support amount would then be $120.00 plus 8 percent COLA of $9.60. The amount due effective August 1, 1999 is $129.60 per week plus $95.00 of additional support. The amounts are in conformance with the child support guidelines.
The defendant has requested the elimination of the 8 percent COLA and the defendant is seeking the enforcement of that COLA. The parties agreed to an 8 percent COLA to be paid every other CT Page 11522 year. Para. 5.4. A COLA was due 1995, 1997, and 1999.
On February 20, 1997 the parties entered into an agreement which was accepted and ordered by the court. Paragraph #6 states that the plaintiff waived her right to receive the 8 percent COLA effective January 1, 1997 without prejudice and reserved the right to seek the COLA on January 1, 1999. The parties also agreed that if the defendant seeks a downward modification of child support between February 20, 1997 and December 31, 1998, and is successful on said modification, the plaintiff may seek the 8 percent COLA increase retroactive to January 1, 1997.
The defendant sought this downward modification in a motion dated November 8, 1998 and filed November 12, 1998. The child support has been modified downwards, therefore, the plaintiff is entitled to the 8 percent COLA for 1997 and 1999. The child support of $199.80 plus 8 percent COLA of $15.98 should have been $215.78 effective January 1, 1997. The defendant owes $830.96 for the COLA adjustment in 1997. [$15.98 x 52].
Effective November 8, 1998, the child support amount due was $130.00. The plaintiff is entitled to the 8 percent COLA of $10.40 effective January 1, 1999. The payments should have been $140.40 plus the $95.00 of additional support. If the defendant has remained current on his payments then there is an overpayment for thirty weeks of $1,782.00 [$59.40 x 30].
The total amount due from January 1, 1997 to December 31, 1997 for support payments is $16,160.56. [Child support $215.78 x 52 and additional support $95.00 x 52]. The total amount due from January 1, 1998 to November 8, 1998 is $13,674.32. [Child support $215.78 x 44 and additional support $95.00 x 44]. The total amount due from November 8, 1998 to December 31, 1998 is $4,950.00. [Child support $130.00 x 22 and additional support $95.00 x 22].
Effective January 1, 1999 the child support of $130.00 is subject to an 8 percent COLA of $10.40, that amount being $140.40. The total amount due from January 1, 1999 to July 31, 1999 is $4,226.04 [$140.40 x 30 and additional support of $95.00 x 30].
The defendant also agreed to an additional amount of $95.00 per week identified as "additional support." Para 5.1. The parties are in disagreement as to the reasons for that support CT Page 11523 and the length of time it should be paid. At the time of the downward modification of the "child support" amount on March 22, 1995 the additional amount was ordered as per the agreement. The total amount then was $280.00. [$185.00 + $95.00]. The amount ordered on May 9, 1995 was $294.00 [$185.00 + $14.80 + $95.00].
Paragraphs 5.1, 11.6 and 11.7 all mention the support and maintenance of the minor child. Reading the three sections together shows that the additional support is connected to the support and maintenance of the child and therefore the $95.00 of additional support is connected to the length of time for the support obligation. The $95.00 is in addition to the normal support and the court declines to alter the agreement of the parties at this time, and the additional amount is to be paid.
The defendant is requesting elimination of that part of the agreement where he is to pay thirty-two percent of any bonus he receives towards the cost of the child's tuition. The defendant agreed to pay 32% of any bonus checks towards the child's tuition in an amount not to exceed $5,000.00. Para. 5.3. The cost of the child's tuition is approximately $15,000.00 per year. The defendant's contribution to the tuition is directly linked to any bonus he receives. If he does not receive any bonus then he does not have any obligation.
The parties were aware of the nature of the defendant's employment at the time they entered into the agreement. They knew that there would be fluctuations in income and amount of the bonus pay. Furthermore, the minor child was attending private school at the time the parties entered into the agreement. There is therefore no change in circumstances as to that aspect of his employment and the court will not alter the agreement. The defendant is found in contempt and owes 32 percent of any bonus received towards any tuition that was paid.
The parties agreed that the child shall spend four summer weeks with the defendant and he shall pay $80.00 per week for four weeks of camp costs. Para 5.6. The defendant has not paid the camp cost for 1995, 1996 and 1997. The plaintiff shall provide the bills or proof of payment and the defendant shall pay the provider directly or reimburse the plaintiff to a maximum of $960.00. [$80.00 x 12]. The defendant is not in contempt as he was not provided proof of payment.
The court having considered the evidence, Conn. General CT Page 11524 Statutes § 46b-86 concerning modification, § 46b-215 concerning the child support guidelines the court enters the following orders.
 ORDERS 1. Child support is modified downwards. The defendant is ordered to pay child support as follows:
 a. $130.00 per week for the period November 8, 1998 to December 31, 1998 plus $95.00 of additional support.
 b. $215.78 per week plus the $95.00 of additional support for the period January 1, 1997 to November 8, 1998.
 c. $130.00 per week plus the $95.00 of additional support for the period November 8. 1998 to December 31, 1998.
 d. $140.40 per week plus the $95.00 of additional support for the period January 1, 1999 to July 31, 1999.
 2. The $95.00 of additional support remains as part of the agreement for as long as there is a child support obligation.
3. The defendant is ordered to pay 32 percent of any bonus he received towards the tuition at Hamden Hall directly to the school. If the plaintiff has already paid such amount the defendant is to reimburse her within ninety (90) days.
4. The defendant must pay $960.00 towards the camp costs within 90 days of proof of payments made by the plaintiff.
5. All monies owed by the defendant and the plaintiff concerning child support must be paid within one hundred and twenty days.
Crawford, J.